IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ASHLEY WOMBLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3:12-cv-532-TFM |
| v. ) | [wo] |
| ) | |
| LEONARD HAGANS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's *Motion to Dismiss* (Doc. 3, filed June 28, 2012). The Court has carefully reviewed the Motion to Dismiss, the briefs filed in support of and in opposition to the motion, and the supporting and opposing evidentiary materials. For good cause, the Court orders that the defendant's Motion be GRANTED.

**I. JURISDICTION**

The district court has diversity jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332. The plaintiff is a resident and citizen of of Phenix City, Russell County, Alabama, and the defendant is a resident and citizen of the State of Georgia. *See* Doc. 1 at 3. The plaintiff's complaint alleges that she is entitled to damages in the amount of $100,000, plus costs; thus the amount in controversy exceeds $75,000.00. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

**II. STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint.

*Gilmore v. Day*, 125 F. Supp.2d 468, 471 (M.D. Ala. 2000).  It is a low threshold for the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure.  *Ancata v. Prison Health Services., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*).  In deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true.  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)).  However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

### III. BACKGROUND

On August 10, 2009, Ashley Wombles ("Plaintiff" or "Wombles") was traveling eastbound on U.S. Highway 80 in Phenix City, Russell County, Alabama.  *See* Doc. 1-3 at

---

[1]*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

1. Wombles was stopped for traffic behind another vehicle as a school bus was unloading passengers. *Id.* Leonard Hagans ("Defendant" or "Hagans") was traveling behind Wombles at the time traffic came to a stop. *Id.* Wombles asserts that Hagans' negligent operation of his vehicle caused him to strike Wombles from the rear with such force that it caused Wombles' vehicle to lurch forward, colliding with the vehicle in front of her. *Id.* Wombles was required to receive medical treatment as a result of the car accident. *Id.*

On August 10, 2011, Wombles filed a complaint in the Circuit Court of Russell County, Alabama alleging negligence against Hagans. *See* Doc 1-3 at 3. On June 21, 2012, Hagans filed a *Notice of Removal*, removing the claim from the Circuit Court of Russell County, Alabama to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Doc. 1. On June 28, 2012, Hagans filed the pending *Motion to Dismiss* alleging that the filing of this action is in violation of the prescribed two-year statute of limitations for personal injury claims set forth in ALA. CODE § 6-2-38. *See* Doc. 3. Prior to the instant action being filed, Hagans filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Georgia, Macon Division on June 10, 2010. *See* Doc. 17 at 1. The filing of the Chapter 13 petition placed an automatic stay subject to 11 U.S.C. § 362 on all judicial proceedings against the debtor, Hagans. *See* Doc. 4 at 4. On November 8, 2011, Wombles received notice of the stay. On March 29, 2012, Wombles requested relief from the stay via consent order from Hagans' bankruptcy attorney. *See* Doc. 17 at 1. The consent order was never finalized and submitted to the

bankruptcy court.  *See* Doc. 17 at 2.  However, on May 23, 2012, the bankruptcy proceeding was dismissed.  *See* Doc. 20 at 5.

### IV. DISCUSSION AND ANALYSIS

Defendant argues that the filing of the complaint in the instant action violated the automatic stay that was issued after the filing of the Chapter 13 bankruptcy proceeding.  *See* Doc. 4 at 3.  Defendant asserts that due to the automatic stay, any complaint filed against the debtor is void.  *Id.*  Additionally, Defendant asserts that because Plaintiff filed the void complaint on the last day possible to file within the two-year statute of limitations, Plaintiff is now time-barred from refiling a complaint.  *See* Doc. 4 at 3-4.  However, Defendant concedes that upon dismissal of the Chapter 13 bankruptcy proceeding, Plaintiff had a thirty-day window to refile this action, the commencement of which was previously stayed.  *See* Doc. 20 at 4-5 (citing 11 U.S.C. § 108(c)).  Defendant asserts that Plaintiff had from May 23, 2012, through June 22, 2012 to dismiss the instant case and re-file in order to rectify the voided complaint.  *See* Doc. 20 at 5.

Plaintiff rebuts these assertions, and avers that at the time of filing the instant action, she had no notice of the pending bankruptcy, thus she had no notice of the automatic stay. *See* Doc. 17 at 4.  It is well settled that a "debtor who has filed for [. . .] bankruptcy enjoys an automatic stay against actions to enforce, collect, assess or recover claims against the

debtor or against property of the estate."[2] *United States v. White,* 466 F.3d 1241, 1244 (11th Cir. 2006) (citing 11 U.S.C. § 362(a)). "It is not necessary that the Debtor or the Court take any affirmative action, such as entering a specific order, to give rise to the automatic stay as the filing of the petition gives rise to the automatic stay." *In re Briskey*, 258 B.R. 473, 476 (Bankr. M.D. Ala. 2001). As a result of the automatic stay provision in § 362(a) "[i]t is the law of this Circuit that '[a]ctions taken in violation of the automatic stay are void and without effect.'" *Id.* (quoting *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982)). It has been held that "even the initiation of a lawsuit against a debtor is prohibited by the automatic stay." *In re State Airlines, Inc.,* 873 F.2d 264, 265 n. 1 (11th Cir. 1989). However, the law still provides a plaintiff the opportunity to file an action against a debtor, but they must seek "permission of the bankruptcy court before commencing the action against the debtor." *Id.*

Plaintiff's argument rests on the notion that because she did not have notice of the bankruptcy proceeding, it was impossible for her to seek permission from the bankruptcy court. *See* Doc. 17 at 4. Plaintiff also asserts her diligence because upon receiving notice of the pending bankruptcy proceeding and the automatic stay, she attempted to lift the stay through the bankruptcy court. Plaintiff argues that her delay in seeking to lift the stay should

---

[2] Although *White* involved a Chapter 11 bankruptcy proceeding, a Chapter 13 bankruptcy proceeding similarly gives rise, "by operation of law, to an automatic stay which stays almost all actions to collect preexisting indebtedness." *In re Briskey*, 258 B.R. 473, 476 (Bankr. M.D. Ala. 2001) (citing 11 U.S.C. §§ 301, 362(a)).

be exused because she did not receive consent from Defendant's bankruptcy attorney in a timely manner. *Id.*

Plaintiff's argument fails for two reasons. First, several courts have held that "[e]ven actions taken without notice of the bankruptcy are void *ab initio*."[3] *In re Miller*, 07-10184-BKC-RBR, 2007 WL 656556 (Bankr. S.D. Fla. Feb. 27, 2007); *see also In re Robinson*, 02-17467-WHD, 2006 WL 6593115, at *2 (Bankr. N.D. Ga. Oct. 12, 2006) (holding that the case is stayed "even if the creditor acted without knowledge of the bankruptcy filing."); and *In re Peralta*, 317 B.R. 381, 389 (B.A.P. 9th Cir. 2004) ("Since the automatic stay is effective against the world, regardless of notice, acts in violation of the stay are automatically void *ab initio*."). In fact, once Plaintiff received knowledge of the stay, she was required to take affirmative action to undo the violation of the automatic stay. *See In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001) (holding that "the creditor must not only cease from taking any affirmative action which would violate the automatic stay, it must also take all necessary affirmative action to stop proceedings which are in violation of the automatic stay."); and *S. Dallas Water Auth. v. Guarantee Co. of N. Am., USA*, 767 F. Supp. 2d 1284, 1297-98 (S.D. Ala. 2011) (finding that "as recognized in *In re Miller*, [07-10184-BKC-RBR, 2007 WL 656556 (Bankr. S.D. Fla. Feb. 27, 2007)] '[i]f a creditor acts without knowledge of the bankruptcy in violation of the automatic stay it must affirmatively act immediately to

---

[3] The Court recognizes that the Eleventh Circuit has yet to definitively rule on the issue, but the overwhelming holdings of other courts is found to be persuasive for this Court's determination of the issue.

restore the pre-violation status quo.'"). Since a complaint against a debtor is void *ab initio*, Plaintiff's lack of knowledge cannot serve as a basis to allow her void complaint to proceed.

Second, although the Court takes notice of Wombles' good faith effort to lift the stay by consulting with Defendant's bankruptcy attorney, the fact is, no such permission was ever granted. Plaintiff received Defendant's Notice of Stay on November 8, 2011. *See* Docs. 17 at 3, 17-1 at 3. Plaintiff states that she immediately contacted Defendant's bankruptcy attorney to seek consent to this action. *Id.* Plaintiff sent a Motion for Relief from Stay and a proposed consent order via e-mail on March 29, 2012. *See* Docs. 17 at 3-4, 17-1 at 6-12. On April 10, 2012, Defendant's bankruptcy attorney sent Plaintiff a signed copy of the proposed order. *See* Docs. 17 at 4, 17-1 at 15. Plaintiff requested that an official copy be signed and submitted to the bankruptcy court; however, no official copy was ever completed or submitted. *See* Doc. 17-1 at 17. Although Plaintiff made a valiant effort to revive this action, the submitted consent order signed by Defendant's bankruptcy attorney is not enough for this Court to override the stay placed by the bankruptcy proceeding. "[A]ctions taken in violation of the automatic stay are void and have no effect unless the bankruptcy court later annuls the automatic stay to validate the action." *In re Robinson*, 02-17467-WHD, 2006 WL 6593115 (Bankr. N.D. Ga. Oct. 12, 2006) (citing *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir.1984); *In re Ford,* 296 B.R. 537 (Bankr.N.D.Ga.2003)). Similarly, "[t]he later dismissal of a the debtor's case does not annul the automatic stay or render it void *ab initio*." *Id.* It is in the sole purview of the bankruptcy court to grant such relief, and because Plaintiff

failed to follow through with assuring the consent order was submitted to the bankruptcy court, this Court is unable to grant relief. Since the bankruptcy court never annulled the automatic stay to validate this action, this action remains in violation of the automatic stay, and the Complaint is void.

Plaintiff also argues that the U.S. Supreme Court has affirmed an equitable tolling[4] provision of the statute of limitations, and applied it to bankruptcy in such a way that would allow this Court to toll the statute of limitations in this case. *See* Doc. 17 at 5-6 (citing *Young v. United States*, 535 U.S. 43, 122 S. Ct. 1036, 152 L.Ed.2d 79 (2002). The U.S. Supreme Court stated that "[f]ederal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The U.S. Supreme Court "has permitted equitable tolling in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'"[5] *Young v. United States*, 535 U.S. 43,

---

[4] Equitable tolling is defined as the "doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Blacks Law Dictionary* 579 (8th Ed. 1999).

[5] Additionally, equitable tolling has been permitted in the federal courts where the "claimant has received inadequate notice, *see Gates v. Georgia–Pacific Corp.*, 492 F.2d 292 (CA9 1974); or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, *see Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (CA6 1972); or where the court has led the plaintiff to believe that she had done everything required of her, *see Carlile v. South Routt School District* RE 3–J, 652 F.2d 981 (CA10 1981). [Also] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. *See Villasenor v. Lockheed Aircraft, Corp.*, 640 F.2d 207 (CA9 1981); *Wilkerson v. Siegfried Insurance Agency, Inc.*, 621 F.2d 1042 (CA10 1980); *Leake*
(continued...)

50, 122 S. Ct. 1036, 1041, 152 L. Ed. 2d 79 (2002) (quoting *Irwin*, 498 U.S. at 96, 111 S. Ct. at 454).  However, courts have "generally been much less forgiving [. . .] where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96, 111 S. Ct. at 458 (citing *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725-26, 80 L.Ed.2d 196 (1984) (holding "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."))

Under bankruptcy law, the Plaintiff was given a second chance to restore her right to bring this action.  Subsection 108(c) provides in relevant part:

> if applicable nonbankruptcy law [. . .] fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, [. . .] and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of — (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c).  This statute grants a plaintiff either the remainder of the statute of limitations, or thirty days after the plaintiff received Notice of Dismissal was received. Based on the relevant dates applicable under the facts of this case, even if the Court were to toll the limitations period under Subsection 108(c)(1), Plaintiff still fails to demonstrate due diligence.  The car accident in question took place on August 10, 2009.  Under the two-year

---

[5](...continued)
*v. University of Cincinnati*, 605 F.2d 255 (CA6 1979)." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725-26, 80 L. Ed. 2d 196 (1984)

statute of limitations applicable to this action, pursuant to ALA. CODE § 6-2-38, the statute expired on August 10, 2011, the day Plaintiff filed her complaint. On May 23, 2012, Defendant's bankruptcy case was dismissed. Even if the Court were to toll the statute of limitations, it would again begin to run on May 23, 2012. Since Plaintiff filed this action on the very last day of the two-year statute of limitations, even if tolled, she has no time remaining to file a new complaint. Thus, the two-year statute of limitations is exhausted and effectively leaves this Court without the ability to fashion any sort of remedy to allow this case to proceed under Subsection 108(c)(1).

However, under Section 108(c)(2), since the Notice of Dismissal was received May 23, 2012, Plaintiff was due thirty days from that date to restore her rights to this claim. The proper course of action would have been to dismiss the current action due to the void complaint, and re-file a valid complaint between May 23, 2012 and June 22, 2012. The U.S. Supreme Court has required due diligence in preserving one's legal rights. *Irwin*, 498 U.S. at 96, 111 S. Ct. at 458 (citing *Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 151, 104 S.Ct. at 1725). The Supreme Court held that "the principles of equitable tolling [. . .] do not extend to what is at best a garden variety claim of excusable neglect." *Id.* Since Plaintiff had the opportunity to cure the violation of the stay by dismissing this action and re-filing during the thirty-day window after Defendant's bankruptcy proceeding was dismissed, this Court finds that the Plaintiff did not act with due diligence; therefore, Plaintiff is not eligible for such a remedy based in equity.

Plaintiff's final argument is that a "hanging paragraph" in 11 U.S.C. § 507(a)(8)(A)(ii) stands for the notion that when an automatic stay is in place and an attempted "compromise" was made "with respect to that tax was pending," an additional thirty days is to be added to the statute of limitations.  *See* Doc. 17 at 5-6.  Plaintiff argues that she negotiated with Defendant's insurance company prior to initiating this action, and therefore, is due an extension of the statute of limitations.  *See* Doc. 17 at 5.  She also cites the same subsection for the proposition that, "any time during which a stay of proceedings against collection was in effect in a prior case," an additional ninety days will be added to the statute of limitations. 11 U.S.C. § 507(a)(8)(A)(ii).  Plaintiff's citation to Subsection 507(a)(8) is taken out of context.  Had Plaintiff read the entire statute prior to fashioning her argument, she would have realized that it has absolutely no merit.  Plaintiff fails to include the previous sections and subsections that lend to the interpretation of the statute.  Subsection 507(a)(8) places "unsecured claims of governmental units" in the eighth position in the order of priority of claims that can be brought against a debtor.  11 U.S.C. § 507(a)(8).  Further, Subsection 507(a)(8)(A) provides that such claims are placed in the line of priority "only to the extent that such claims are for [. . .] a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition."  11 U.S.C. § 507(a)(8)(A). This case involves a personal injury lawsuit between two private parties.  No governmental entity has any involvement in the proceedings or the outcome of this action.  Nor does this action involve the collection of any taxes on income or gross receipts for a taxable year.

Thus, Plaintiff's argument is unavailing.

DONE this 14th day of November, 2012.

>/s/Terry F. Moorer
>TERRY F. MOORER
>UNITED STATES MAGISTRATE JUDGE